UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

In Re: )
KAREN MACKEY ) Chapter 7
    Debtor ) Case No. 09-14901-JNF
-----------------------------------

### SIXTH STATUS REPORT OF TRUSTEE

Pursuant to the prior Orders of this Court, the Trustee attaches as Exhibit 1 to the Sixth Status Report, an email from Special Counsel indicating that on June 8, 2011, the Appeals Court affirmed the judgment of the lower court.

The Trustee has called special counsel for an update on collection efforts.

A further report will be filed on or before September 30, 2011.


Dated: July 29, 2011                       /s/Gary W. Cruickshank, Esq.
                                               Trustee in Bankruptcy of
                                               Karen M. Mackey
                                               21 Custom House Street
                                               Suite 920
                                               Boston MA 02110
                                               (617) 330-1960
                                               (BBO107600)
                                               gwc@cruickshank-law.com

<u>CERTIFICATE OF SERVICE</u>

       I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Status Report has been served, unless otherwise stated, via regular United States mail, postage prepaid, upon the following parties:

| | |
|---|---|
| United States Trustee<br>John W. McCormack Post Office and Courthouse<br>5 Post Office Square, 10th Floor<br>Suite 1000<br>Boston MA 02109<br>(electronically) | Nina M. Parker, Esq.<br>Parker & Associates<br>Counsel to the Debtor<br>10 Converse Place<br>Winchester MA 02152<br>(electronically) |
| Leah Kaine, Esq.<br>James A. McLaughlin, Esq.<br>McLaughlin, Richards et al<br>Counsel to Rose Marie LaRose<br>2 Pleasant Street<br>South Natick MA 01760<br>(electronically) | Maria C. Crocker, Esq.<br>Ten Laurel Avenue<br>Wellesley Hills MA 02481 |

Thomas Mackey
43 Loring Road
Winthrop, MA 02152

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131


Dated: July 29, 2011               /s/Gary W. Cruickshank, Esq.

# EXHIBIT A

**Gary W. Cruickshank**

| From: | <mcrockerlaw@comcast.net> |
|---|---|
| To: | "Gary W. Cruickshank" <gwc@cruickshank-law.com> |
| Sent: | Monday, June 13, 2011 4:49 PM |
| Attach: | Iodice 6-13-11.pdf |
| Subject: | Re: Karen Mackey |

Hi Gary,

We received the Appeal's Court Memorandum and Order Pursuant to Rule 1:28. I am attaching a copy. The Appeal's Court affirmed the lower court's judgment.

In the interim, we found out that Lorraine LaRose hasn't been paying the real estate taxes and water. We are not sure whether or not she is paying the property insurance. My understanding is that we can't get property insurance without a company going in and looking at the property.

We have to wait the 28 days for the rescript to go down to the lower court before we can file a petition to partition. If the other side files for further appellate review, the 28 days gets tolled. If that is the case, we may try to get into the probate and family court on a motion pending rescript to get an order that the rental income from the property be put into escrow and that property insurance be obtained and paid for from the escrow account. We would also want to start paying the back real estate taxes and water from the escrow account.

The appeal's court decision entered June 8, 2011. They have 20 days to file for further appellate review which takes us to June 28th. If they don't, the rescript should be sent down by July 7th. I'd like to be in court as soon as possible after July 7th to file the petition to partition and for order regarding the payment of the taxes, property insurance and water. If they do file for further appellate review (and I'd know by June 28th), I'd like to try to get a motion for orders pending the rescript in as soon as possible.

I am supposing that I need some sort of approval from the bankruptcy court to start the petition to partition on behalf of Karen Mackey. If the other side seeks further appellate review and the rescript is tolled, then I would need approval to file the motion pending the rescript. It might be easier just to have me appointed to do the petition to partition and, if necessary, the motion pending rescript.

What are your thoughts?

Thank you,
Maria


-------------------------------------
Maria C. Crocker
Law Office of Maria C. Crocker, P.C.
233 Needham Street, Suite 404
Newton, MA 02464

6/14/2011

Telephone - 617-916-0700, x 710
Facsimile - 617-467-4481
E-mail - mcrockerlaw@comcast.net
Website - mcrockerlaw.com

----------------------------------------

PLEASE DO NOT SEND SOCIAL SECURITY, BANK ACCOUNT, OR CREDIT CARD NUMBERS, EITHER IN THE BODY OF THE EMAIL OR AS AN ATTACHMENT, TO THIS ADDRESS. PLEASE CALL OR FAX US WITH THE ABOVE, IF NECESSARY.

----------------------------------------

To comply with U.S. Treasury regulations, we inform you that any tax advice contained in this e-mail, including attachments, unless expressly stated otherwise, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

----------------------------------------

This e-mail communication, including all attachments to it, contains information from the Law Office of Maria C. Crocker, P.C., that may be confidential and privileged. This information is intended only for the use of the listed recipient(s). If you are not an intended recipient, you may not review, copy, or distribute this message or any attachment thereto. If you have received this communication in error, please notify the sender immediately by e-mail and delete the original message.

----------------------------------------

Term

NOTICE: Decisions issued by the Appeals Court pursuant to its rule 1:28 are primarily addressed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, rule 1:28 decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28, issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.

COMMONWEALTH OF MASSACHUSETTS APPEALS COURT

ROSE MARIE **LaROSE &** another [FN1] vs. KAREN MACKEY & others. [FN2]

10-P-1815

*MEMORANDUM AND ORDER PURSUANT TO RULE 1:28*

This is essentially an action to quiet title and for other equitable relief brought by the grandmother, Rose Marie LaRose (grandmother or Rose Marie), and one of her daughters, Lorraine LaRose, against Rose Marie's grandchildren.

In December, 2005, the grandmother executed a quitclaim deed on the house to her two daughters, Marie Bythewood and coplaintiff Lorraine (collectively, daughters). The grandmother had vacated the property in 1976 when she separated from her husband, and only lived there for two or three years during and after 1987. Marie had lived in the house since 1976; while living there she had paid most of the household's expenses. Lorraine, who also had lived in the house since 1976, had not contributed to the household expenses as she was on disability. In January, 2007, Marie conveyed her interest in the property to the defendants, her four children (collectively, the grandchildren). In November, 2007, about ten months after Marie transferred her interest in the property to the grandchildren, she died of cancer. At some point thereafter, the grandmother demanded that the grandchildren reconvey their interests in the property to the grandmother, generally contending that she originally had conveyed a one-half interest in the property to Marie because she was required to do so to qualify for public housing. Thus, the grandmother contends, she 'decided to put the house in the name of Lorraine and Marie jointly and on a temporary basis, and [at] a later

time she was going to make some other arrangements relative to putting the house maybe in a trust or make some provision, so that her two sons would get their interest in the house.' The grandmother contends that Marie fully understood these intentions, that she specifically agreed to go along with the grandmother's wishes, and that the grandmother completed the transfer in reliance on Marie's assent.

After a two-day trial, a Probate and Family Court judge found that the grandmother did not rely on Marie to make her financial and life decisions and that, therefore, Marie did not owe the grandmother a fiduciary or other heightened duty. The judge also expressly found that there was 'no credible evidence that Marie . . . made any oral promise to reconvey the property to the [grandmother] . . . .' Furthermore, the judge, declining to find a breach of contract or fraud, found that the closing attorney specifically informed the grandmother before the closing that if the grandmother's daughters did not choose to reconvey their interests in the property to her, they did not have to do so. Finally, the judge declined to reform the deed on the basis of mistake, finding that the mistake, if there was one, was both unilateral and based on an unreasonable understanding of the law (particularly given the closing attorney's caution at the closing). As the judge concluded:

'the Court has great empathy for the [grandmother's] position. . . . [H]owever, the Court finds no reason (either at law or equity) to undo either the free act and deed of the [grandmother], represented by counsel conveying her home to her two daughters or to the subsequent conveyance by one of the daughters to her own children.

'The Court would be happier to bring some level of peace to this family, if it were only possible. The Court is cognizant of the respective ages and needs of the Plaintiffs and their understandable emotional attachment to the issues. However, I specifically find no merit in the argument advanced by the [grandmother] that there was any level of fraud in the transaction. Rather, having . . . freely chosen (perhaps unwisely) [an] irrevocable course the [grandmother] cannot, in the Court's view, now turn back the hands of time.'

A constructive trust is an equitable remedy designed to 'avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was obtained by fraud or in violation of a fiduciary relation.' *Barry v. Covich,* 332 Mass. 338, 342 (1955). See *Demoulas v. Demoulas,* 428 Mass. 555, 580-581 (1998). We conclude that a constructive trust cannot be justified here where (1) the closing attorney specifically informed the grandmother at the time she executed the deed that her daughters did not have to reconvey the property once it was transferred, (2) the daughters were not in a fiduciary or confidential

relationship with the grandmother, and (3) the grandmother was transferring the property in order to qualify for public housing and was representing that an actual transfer had occurred. [FN3] The record solidly supports all of these findings. See *Millenium Equity Holdings, LLC v. Mahlowitz,* 456 Mass. 627, 637 (2010) (requiring a 'definite and firm conviction that a mistake has been committed'), quoting from *Kendall v. Selvaggio,* 413 Mass. 619, 620-621 (1992). We need not, and do not rely on the judge's finding that there was no oral promise to reconvey. Even if there were such a promise, a constructive trust still would not be justified. [FN4]

*Judgment affirmed.*

By the Court (Kafker, Graham & Milkey, JJ.),

Entered: June 8, 2011.

FN1. Lorraine LaRose.

FN2. Kimberly Shortt, Kris Bythewood, and Kenneth A. Iodice, Jr.

FN3. Had the grandmother not in fact transferred the house, she would have been making misrepresentations to the Watertown Housing Authority to secure subsidized housing. She 'who seeks equity must do equity.' *New England Merchs. Natl. Bank v. Kann,* 363 Mass. 425, 428 (1973).

FN4. As the plaintiffs' arguments were not frivolous, we deny the grandchildren's request for appellate attorney's fees. We also deny the request by the plaintiffs.

END OF DOCUMENT

◀ Term

Adobe Reader is required to view PDF images.

